**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

CHANDRA LYONS                                                                                      PLAINTIFF
ADC #704518

V.                                         NO: 1:16CV00145 JM/PSH

MOORE *et al*                                                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Plaintiff Chandra Lyons, an inmate at the Arkansas Department of Correction's McPherson Unit, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on October 7, 1016.  Lyons did not pay the $400.00 filing and administrative fees, or file an application for leave to proceed *in forma pauperis*.

Because Lyons is not entitled to *in forma pauperis* status, her complaint should be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA").

Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Lyons has had three prior civil actions dismissed for failure to state a claim upon which relief may be granted. *See Lyons et al. v. McDonald et al.*, ED/AR No. 5:96CV00369; *Lyons v. Anderson*, ED/AR No. 5:96CV00463; and *Lyons v. Thompson*, ED/AR No. 5:96CV00547. Lyons' three strikes have been previously recognized in this district. *See Lyons v. Spencer et al*, ED/AR No. 1:15CV00029.

The Court additionally finds, based on the vague allegations contained in Lyons' present complaint, that she is not in imminent danger of serious physical injury. Specifically, Lyons asserts that some cases she filed in 2014 were not processed because of mistakes with *in forma pauperis* applications, that she was wrongly placed in the "RPU," that she was denied eyeglasses from sometime in 2013 until November of 2014, that guards have withheld personal property, that guards incorrectly type her grievances, that a follow up medical visit has been delayed, that she is being mistreated by members of the classification committee, and that she had to clean a cell that was dirty when she arrived. Such claims do not describe imminent danger of serious physical injury.

IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff Chandra Lyons' complaint be DISMISSED WITHOUT PREJUDICE. If Lyons wishes to continue this case, she should be required to submit the filing and administrative

fees of $400.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the case's dismissal, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case should be reopened.

2. The Court additionally certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 14th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE